UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Carlos Huerta and Jacob Feingold, | Case No. 2:25-cv-00416-CDS-NJK |
| Plaintiffs | **Ordering Defendant to Show Cause** |
| v. | |
| Arie Fisher, | |
| Defendant | |

Plaintiffs Carlos Huerta and Jacob Feingold initiated this action in the Second Judicial District Court, Washoe County, in October 2024. ECF No. 1-2. Defendant Arie Fisher petitioned for removal on March 6, 2025. ECF No. 1. Therein, Fisher asserts that removal is timely because "28 U.S.C. § 1446(b)(3) also states that cases must be removed within one year from the commencement of the action." *Id.* at 2. Fisher also argues that removal is proper under 28 U.S.C. § 1332 due to diversity of citizenship between the plaintiffs, who are domiciled in Nevada and Israel, and the Texas defendant; and that attorney's fees and the potential for compensatory and punitive damages suggests that the amount in controversy would exceed the sum of $75,000. ECF No. 1 at 5. Although it is undisputed that there is diversity of citizenship between the parties, it is unclear (1) why Fisher filed the removal petition in the district's unofficial southern division, (2) whether Fisher's removal is timely, and (3) whether the amount in controversy exceeds $75,000. I therefore order Fisher to show cause why removal to this court is timely and proper in this action. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (placing a heavy burden on defendants to demonstrate removal is proper).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (internal citation omitted). "If at any time before final judgment it appears

that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citations omitted).

Fisher argues that § 1446(b)(3) creates room for exceptions to the standard rule, making removal after thirty days, but within one year, appropriate. ECF No. 1 at 2. Generally, a defendant seeking to remove a case must do so within thirty days of service. 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," removal can be triggered and "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). But Fisher's removal was not triggered by a subsequent filing or other paper from which he could have first become aware that the case had become removable. Rather, Fisher asserts that the plaintiffs are estopped from objecting to removal because the state court matter was stayed, and deadlines were extended for settlement negotiations. ECF No. 1 at 2, ¶¶ 8–11. However, Fisher fails to offer any applicable case law in support of the contention that the state court stay tolled the statutorily mandated period for removal, as actions of the state court do not affect or enlarge the statutory time limit for removal. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) ("When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking."); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (holding that the statutory time limit for removal petitions is mandatory).

Fisher also argues that the amount in controversy requirement is met through attorney's fees, compensatory damages, and potential punitive damages. ECF No. 1 at 4–5. Fisher suggests that the amount in controversy would exceed $75,000 because the plaintiffs "might seek a high amount of damages" as they are often awarded in defamation per se cases. *Id.* at 5. Although, the amount in controversy may be satisfied by a plaintiff's claims for damages, including attorney's

fees and punitive damages, "the mere possibility of an award of attorney's fees or punitive damages is not sufficient to prove that the amount in controversy has been met." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Polanski v. US Bank N.A.*, 2011 WL 2600496, at *1 (D. Nev. June 29, 2011). Where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

Finally, Fisher asserts that removal is proper because "it is the federal district court for the district and vicinage encompassing the Second Judicial District Court of the State of Nevada in and for the County of Washoe." ECF No. 1 at 3, ¶ 12. A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(2). "The District of Nevada is one district with an unofficial northern division and unofficial southern division." *Krische v. Nat'l Fire Ins. of Hartford*, 2013 WL 1694667, at *1 (D. Nev. Apr. 18, 2013). Clark, Esmeralda, Lincoln, and Nye counties comprise the unofficial southern division. LR IA 1-6. All other counties, including Washoe County, comprise the unofficial northern division. *Id.* It is not apparent that the events giving rise to this claim occurred in Clark, Esmerelda, Lincoln, or Nye counties, and the complaint alleges that Huerta resides in Washoe County—in the unofficial northern division. ECF No. 1-2 at 9, ¶ 1. Therefore Fisher bears the burden of establishing that the unofficial southern division is a more appropriate forum. *See* LR IA 1-8 ("All [non-prisoner] civil actions must be filed in the clerk's office for the unofficial division of the court in which the action allegedly arose.").

## Conclusion

IT IS THEREFORE ORDERED that Fisher is ordered to show cause, by April 2, 2025, why removal to this court is timely and proper. Fisher must establish jurisdiction by demonstrating that (1) Fisher's removal is timely, (2) the amount in controversy exceeds $75,000, and (3) removal to this district's unofficial southern division is proper.

Dated: March 19, 2025

_____
Cristina D. Silva
United States District Judge